# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT COOKEVILLE

| | |
|---|---|
| MIKHAIL VENIKOV ) | |
| ) | |
| v. ) | Case No. 2:17-cv-00030 |
| ) | Chief Judge Crenshaw/Frensley |
| THURMAN USED CARS, ET AL. ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Default Judgment as to Thurman's Used Cars and Robert Joshua Thurman pursuant to Federal Rules of Civil Procedure 55(b)(2). Docket No. 25. For the reasons stated herein, the undersigned recommends that the Motion for Default Judgment as to Thurman's Used Cars be DENIED WITHOUT PREJUDICE and the motion as to Robert Joshua Thurman be DENIED and that the default against Robert Joshua Thurman be SET ASIDE.

## I. PROCEDURAL HISTORY

The Complaint in this action was filed on April 25, 2017 naming Thurman's Used Cars, Robert E. Thurman, II, and Robert Joshua Thurman as Defendants. Docket No. 1. Robert E Thurman, II is the father of Robert Joshua Thurman and together they are alleged to own Thurman's Used Cars. Docket No. 1.[1]

On November 16, 2017, the Clerk of Court granted a default against Defendant Thurman's Used Cars. Docket No. 15. On December 18, 2017, the Clerk of Court granted default against Defendant Robert Joshua Thurman. Docket No. 18. The Court entered a Scheduling Order and discovery proceeded in the case. Docket No. 17. On October 12, 2018, Plaintiff filed the instant

---

[1] Robert E. Thurman, II confirmed Robert Joshua Thurman is his son but denies his son is part owner of Thurman's Used Cars. Docket No. 7.

Motion for Default Judgment as to Thurman's Used Cars and Robert Joshua Thurman pursuant to Fed. R. Civ. P. 55(b)(2). Docket No. 25. The undersigned thereafter scheduled a hearing on the motion for default judgment for January 15, 2019. Docket No. 27. At the hearing, Defendants Robert E Thurman II and Robert Joshua Thurman appeared. Both contested the entry of default judgment. The Court ordered the Parties to file proposed findings of fact and conclusions of law which both Plaintiff and Defendants did. Docket Nos. 34 and 35. The matter is now before the undersigned for report and recommendation.

## II. STANDARD OF REVIEW

Following a clerk's entry of default under Fed. R. Civ. P. 55(a), a Plaintiff may request default judgment and award damages under Rule 55(b). Federal Rules of Civil Procedure 55(a)–(b). Rule 55 (c) of the Federal Rules of Civil Procedure provides that the Court may set aside an entry of default for good cause and it may set aside a final default judgment under Rule 60(b). Fed. R. Civ. P. 55(c). The standard for setting aside a default judgment is higher than that for entry of default. "When the Defendant seeks relief from a default that has been entered by the clerk upon Plaintiff's request, the district court enjoys considerable latitude under the 'good cause shown' standard." *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F 2d 290, 292 (6th Cir. 1992). "What constitutes good cause for setting aside an entry of default is within the discretion of the court." *Seye v. Community Yellow Cab NKMgmt, LLC,* 2011 WL 3739142, *1 (E. D. Ky. Aug. 2, 2011)(citing 10A Fed. Prac. & Proc. § 2696 (2011)); *see also Krowtoh II LLC v. ExCelsius Intern. Ltd,* 330 Fed. Appx. 530, 534(6th Cir. 2009)("This Court reviews the district court's decision to deny a motion to set aside an entry of default for an abuse of discretion."). In determining whether "good cause" for setting aside an entry of default is been shown, the Sixth Circuit has instructed courts to consider three equitable factors: (1) whether culpable conduct of the Defendant led to the

Defendant's default, (2) whether the Defendant has a meritorious defense, and (3) whether the Plaintiff will be prejudiced. *Burrell v. Henderson*, 434 F. 3d 826, 831-32 (6th Cir. 2006); *United Coin Meter Co. v. Seaboard Coastline R.R.* 705 F 2d 839, 844-46 (6th Cir. 1983) (setting forth the "good cause" standard in the Sixth Circuit and finding that the district court erred in reaching a determination of no good cause without considering all three factors).

In this case, Plaintiff has obtained default against the Defendant's Thurman's Used Cars (Docket No. 15) and Robert Joshua Thurman (Docket No. 18). Neither Thurman's Used Cars or Robert Joshua Thurman have made a motion to set aside the default. However, Robert Joshua Thurman appeared at the hearing on Plaintiff's Motion for Default Judgment and indicated his desire to defend against the allegations in the Complaint. Also, following the hearing, Defendants, including Thurman's Used Cars and Robert Joshua Thurman filed a Motion to Dismiss (Docket No. 33) and Request for Dismissal (Docket No. 36). An answer or other opposition to a motion for default may be treated as a motion to set aside entry of default. *See Breuer Electric Manufacturing Company* v. *Toronado Systems of America, Inc.*, 687 F. 2d 182 (7th Cir. 1981); *Meehan v. Snow*, 652 F. 2d 274, 276 (2d Cir. 1981). Therefore, in light of Mr. Thurman's appearance at the hearing on the Motion for Default Judgment and the two motions to dismiss filed by Thurman's Used Cars and Robert Joshua Thurman the Court will consider whether to set aside the entry of default as to these Defendants.

### III. ANALYSIS

**A.     Thurman's Used Cars**

The Clerk of Court entered default against Thurman's Used Cars on November 16, 2017 based upon a finding that Thurman's Used Cars was served by personal service and not filed a response to the Complaint against it within the time frame allowed by law. Docket No. 15. Prior

to the entry of default against Thurman's Used Cars, the undersigned entered an Order stating the following:

> The Parties are reminded that the Defendant corporation shall retain an attorney to represent its interests in this case. Local Rule 83.01(d)(3) states:
>
> > All corporations chartered to do business as profit or nonprofit organizations must be represented by an attorney duly admitted or authorized to practice before this Court. Except by leave of Court, the Clerk of Court will not accept the filing of pleadings by such corporations unless such organizations are represented by counsel.

Docket No. 9.

Although the Motion to Dismiss (Docket No. 33) and Request for Dismissal (Docket No. 36) purport to be filed on behalf of Thurman's Used Cars in addition to the individual Defendants, Thurman's Used Cars has failed to comply with the requirements of Local Rule 83.01(d)(3)[2] and this Court's prior Order therefore those filings are ineffectual on behalf of Thurman's Used Cars.

As a result, the undersigned will not consider the Motion to Dismiss (Docket No. 33) or Request for Dismissal (Docket No. 36) as motions to set aside default on the behalf of Thurman's Used Cars. Nonetheless, the undersigned recommends that Plaintiff's Motion for Default Judgment as to Defendant Thurman's Used Cars (Docket No. 25) be DENIED WITHOUT PREJUDICE.

In a multi-Defendant litigation, the preferred practice is to postpone entry of the default judgment until the claims against all non-defaulted Defendants are adjudicated on the merits. See Fed. R. Civ. P. 54(b) (allowing entry of default judgment against fewer than all parties "only if the Court expressly determines there is no just reason for delay"); *Driver v. Fabish*, 2017 WL 413719, at \*2 (M. D. Tenn. January 31, 2017), *accepted*, 2017 WL 998071 (M. D. Tenn. March 15, 2017) ( *citing Frow v. De La Vega*, 82 US 552, 554 (1872); *Northland Ins. Co. v. Cailu Title*

---

[2] The Local Rules of Court were revised and amended in 2018. Local Rule 83.01(b)(4) now provides "all business entities must be represented by an attorney duly admitted or authorized practice before this Court."

*Corp.*, 204 F. R. D. 327, 330 (W. D. Mich. 2000)); *Thorburn v. Fish*, 2014 WL 6871535, at *2 ( M. D. Tenn. December 5, 2014) (*quoting Corrosioneering, Inc. v. Thyssen Evntl. Sys., Inc*., 807 F 2d 1279, 1282 (6th Cir. 1986)) (noting that entry of default judgment when other claims remain pending is appropriate "only in the infrequent harsh case as an instrument for the improved administration of justice"). This "preferred practice" is based on the desire to avoid inconsistent decisions for jointly and severally liable defendants. *See e.g., United States ex rel Hudson v. Peerless Insurance Company,* 374 F. 2d 942, 943-45 (4th Cir. 1967)(finding that preventing inconsistent judgments for jointly and severally liable Defendants is a "just reason" for delaying the entry of a default judgment). In addition to inconsistent judgments, the desire to avoid piecemeal appeals further supports waiting for entry of default judgments against defaulted Defendants. *See Lefever v. Ferguson*, 567 Fed. Appx. 426, 432 (6th Cir. 2014).

While Defendant Thurman's Used Cars has defaulted, its principal, Robert E Thurman II has not. Similarly, as set forth herein, the undersigned recommends that default against Robert Joshua Thurman, the other alleged owner of Thurman's Used Cars, be set aside. The claims brought against all of the Defendants are the same and derive from the same set of facts. Though liability has been procedurally established for the defaulted Defendants, liability for the non-defaulted Defendant has yet to be determined. Following the procedures set forth in Rules 54 and 55 Fed. R. Civ. P., the undersigned determines the potential for inconsistent judgments and piecemeal appeals presents a just cause for delaying entry of default judgment (Docket No. 25) against Defendant Thurman's Used Cars and therefore recommends that Plaintiff's request for entry of default judgment against this Defendant be DENIED WITHOUT PREJUDICE.

    B.    **Robert Joshua Thurman**

As noted above, though not styled as requests to set aside the entry of default, the Court

believes it is appropriate to interpret the presence of Robert Joshua Thurman at the hearing on Plaintiff's Motion for Default Judgment and subsequently filed Motion to Dismiss (Docket No. 33) and Request for Dismissal (Docket No. 36) as a motion to set aside entry of default. *See*, *Breuer Electric Manufacturing Company* v. *Toronado Systems of America, Inc.*, *supra*. Thus, the undersigned will consider the three equitable factors for determining whether "good cause" has been shown by Defendant Robert Joshua Thurman.[3]

### i. Whether Culpable Conduct of the Defendant Led to the Default

The Court should consider whether a Defendant's culpable conduct led to the default "in the general context of determining whether petitioner is deserving of equitable relief." *Waifersong Ltd*, 976 F 2d at 292. A Defendant's conduct must be "either an intent to thwart judicial proceedings or reckless disregard for the effect of its conduct on these proceedings" to be treated as culpable. *Southern Elec. Health Fund v. Bedrock Servs.,* 146 Fed. Appx. 772, 777 (6th Cir. 2005) (citations omitted). Simple carelessness on behalf of the Defendant is insufficient. *Id*.

Here, there is no direct evidence that Robert Joshua Thurman engaged in culpable conduct leading to the default by intentionally evading service, seeking to mislead the Court or otherwise taking efforts to thwart or impede Plaintiff's ability to pursue this litigation. Defendant Robert Joshua Thurman was properly served and did not respond in any way to either the Complaint or Plaintiff's motion for entry of default which is attributable solely to him. Mr. Thurman's explanation for this conduct as noted by the Plaintiff is "he had not been told he needed to be in

---

[3] The Court notes that Defendant Robert Joshua Thurman has not specifically sought the relief of setting aside the default therefore has not cited the correct standard for making such a motion or even attempted to show good cause as defined by the Sixth Circuit or to address any of the equitable factors apart from his statements at the hearing on Plaintiff's Motion for Default Judgment. Nevertheless, because the Court evaluates pro se pleadings under a more lenient standard, it will still give due consideration to the motions and do its best to construe Mr. Thurman's position according to the proper standard. *See Matsushita Electric Company Ltd v. Zenith Radio Corp.,* 106 S. Ct. 1348, 1356 (1986).

Court prior to his father telling him to be present on January 15, 2019." Docket No. 37. Plaintiff argues that this explanation is insufficient to set aside the default as Defendant Robert Joshua Thurman was properly served with the Complaint and therefore not entitled to relief from the entry of default. *Id*.

While it is true that Mr. Thurman's conduct led to the entry of default, his explanation and conduct establish that it is closer to carelessness than an "intent to thwart judicial proceedings or reckless disregard for the effect of his conduct on these proceedings." *Southern Elec. Health Fund v. Bedrock Servs., supra*. It is not a stretch for a pro se litigant to assume that a lawsuit will be resolved in a courtroom. Because the Defendants in this matter appear Pro se, this case is exempted from mandatory initial case management under Local Rule 16.01, thus, the hearing on the Motion For Default Judgment was the first in Court appearance required of the Parties in this case. Notwithstanding his failure to participate in the litigation otherwise, Robert Joshua Thurman appeared in person at the hearing on the Motion For Default Judgment at significant effort traveling from Celina, Tennessee in the Northeast division of the district to the hearing at the Courthouse in the Nashville division. Because the Court cannot say that Robert Joshua Thurman's conduct constituted an intent to thwart judicial proceedings this factor weighs in favor of setting aside the default. *Krowtoh II LLC v. ExCelsius International LTD,* 330 Fed. Appx. 530 at 537(finding Defendants explanation for delay provided evidence of respect for the Court's process and showed he did not intend to disrespect Court proceedings).

### ii. Whether the Defendant Has A Meritorious Defense

To establish the existence of a "meritorious defense" the Defendant does not have to demonstrate the likelihood of success, but simply must state a defense that is "good law." *Southern Elec. Health Fund v. Bedrock Servs.*, 146 Fed. Appx. 772, 777 (6th Cir. 2005) (citation omitted).

The primary consideration to this inquiry is "whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Id.*

As Plaintiff notes in opposition to the motions to dismiss, there are genuine issues of material fact in dispute regarding this case. Docket No. 37. The Plaintiff contracted with Defendants to build a specialty vehicle. The Defendants contend they have performed under the contract and are entitled to the funds they received. The Plaintiff disputes this and though he has the vehicle, seeks to recover all of the funds he paid for the vehicle and then some. Defendant Robert Joshua Thurman's argument that Plaintiff got what he paid for and is not entitled to any additional compensation establishes there is a "meritorious defense" and therefore, this factor weighs in favor of setting aside the default as to Robert Joshua Thurman.

### iii. Whether the Plaintiff Will Be Prejudiced

Under the third factor, mere delay is insufficient to establish prejudice. *INVST Fin. Group Inc. v. Chem-Nuclear Systems, Inc.,* 815 F 2d 391, 398 (6th Cir. 1987). For there to be prejudice, the setting aside of entry of default "must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Southern Elec. Health Fund v. Bedrock Servs.*, 146 Fed. Appx. At 778. Neither party has addressed the issue of prejudice from setting aside the entry of default against Robert Joshua Thurman.

Indeed, this case has been ongoing for some time. However, the Court entered a scheduling order which was entered at the request of the Parties and all of the deadlines have passed. Docket No. 17. Apart from the motions to dismiss which are the subject of another Report and Recommendation by the undersigned, there are no pending dispositive motions in this matter and it appears the matter is ready to be set for trial. Further, the claims asserted in the complaint against Robert Joshua Thurman appear to be identical to the allegations against Robert E Thurman II and

Thurman's Used Cars. Likewise, whether he was a Defendant in the case or not, Robert Joshua Thurman would appear to be a material witness, from whom Plaintiff had the opportunity to obtain discovery during the lengthy period of time the Court allowed for completion of discovery in this case. In sum, apart from the fact Plaintiff will have to convince a finder of fact to assess liability and damages as to Robert Joshua Thurman rather than doing so by default, the Court can find no clear prejudice that would be suffered by Plaintiff as a result of setting aside the Clerk's entry of default against Robert Joshua Thurman. Thus, this factor weighs in favor of setting aside the default.

Default judgments are disfavored and there must be "strict compliance with the legal prerequisites establishing the court's power to render the judgment." *Walton v. Rogers*, 860 F 2d 1081 (6th Cir. 1988). Default judgment "is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Company v. Seaboard Coastline R. R.,* 705 F 2d 839, 844-46 (6th Cir. 1983) "In general, [the Sixth Circuit's] cases discussing motions to set aside default under Rule 55(c) are extremely forgiving to the defaulting party…." *United States v. $22,050 U. S. Currency*, 595 F. 3d 318, 322 (6th Cir. 2010).

## IV.  RECOMMENDATION

Given the strong preference for the termination of cases on the merits and admonition that default judgment should be resorted to only in the most extreme cases, the undersigned finds that considering the equitable factors required for purposes of Federal Rules of Civil Procedure 55(c), good cause exists for setting aside the entry of default and therefore recommends that Plaintiff's Motion For Default Judgment (Docket No. 25) as to Robert Joshua Thurman be DENIED and that entry of default be SET ASIDE. As to Thurman Used Cars, the undersigned recommends that the

Motion for Default Judgment (Docket No. 25) be DENIED WITHOUT PREJUDICE pending final resolution of the case in order to avoid inconsistent judgments.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

_____
**JEFFERY S. FRENSLEY**
**U. S. Magistrate Judge**