# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MIKHAIL VENIKOV, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 2:17-cv-00030 |
| | ) |
| THURMAN USED CARS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 39) recommending that the Defendants' Motion to Dismiss (Doc. No. 33) and Request for Dismissal (Doc. No. 36) be denied. The Defendants have filed a "Reply to Report and Recommendation" (Doc. No. 40), which this Court construes as Defendants' objections to the R&R. For the reasons stated below, the Defendants' objections to the R&R will be overruled, and the Magistrate Judge's R&R will be approved and adopted.

### I. Factual and Procedural Background

On April 25, 2017, Venikov brought several claims against the Defendants, including intentional misrepresentation, negligent misrepresentation, violation of Tennessee's Consumer Protection Act, and breach of contract, arising out of his purchase of a restored 1968 Mustang from the Defendants. (See Doc. No. 1.) Essentially, as alleged in the Complaint, Venikov sought to purchase a replica of "Eleanor," a 1968 Mustang featured in the movie "Gone in 60 Seconds," contracted with the Defendants to purchase such a replica, but received a defective automobile that was unfit to drive. (Id.) In response to the Complaint, the Defendants filed their initial Motion to Dismiss in September 2018 (Doc. No. 23), which the Court ultimately denied (Doc. No. 29).

Subsequently, the Defendants refiled the pending Motion to Dismiss and Request for Dismissal shortly thereafter.

As described in the R&R, the Defendants' Motion to Dismiss alleges that the Complaint was filed in the wrong court because the conduct alleged occurred in Clay County, Tennessee, and thus, this Court lacks jurisdiction to hear the matter. (Doc. No. 39 at 1.) Defendants' "Request for Dismissal" argues that Venikov is committing "fraudulent charges" against the Defendants and asks that the replica at issue be brought to the Court so that the work Defendants performed can be observed by the Court. (Id.) Defendants' motions are devoid of any legal argument or citations and are not accompanied by separate supporting memorandums of law as required by Local Rule 7.01(a)(2). (See Doc. Nos. 33, 36.)

In the R&R, the Magistrate Judge recommends denying the motions because: (1) this Court has subject matter jurisdiction based upon the federal diversity of citizenship statute at 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and the parties are citizens of different states; (2) Defendants are residents of the state of Tennessee and the alleged conduct occurred in Tennessee, providing personal jurisdiction over the Defendants; (3) Clay County Tennessee is in the Middle District of Tennessee and therefore venue is appropriate; and (4) Defendants' other arguments are not properly based on Federal Rule of Civil Procedure 12. (Doc. No. 39 at 9-10.)

Defendants filed their reply in opposition to the R&R, which the Court construes as their objections. As with their pending motions, the Defendants do not cite to any legal authority in their objections. At bottom, Defendants' objections merely reiterate their motion arguments and request that the Court enter an order dismissing the case. (See Doc. No. 41.) The Defendants summarily challenge nearly every decision the Court has made up to this point in their case. (See id.) As explained below, this is insufficient to refute the Magistrate Judge's conclusions.

2

**II.     Standard of Review**

The Court's standard of review for a magistrate judge's R&R depends upon whether a party files objections. If a party objects to portions of the Report and Recommendation, the Court reviews those portions *de novo*. 28 U.S.C. § 636(b)(1) (C); Fed. R. Civ. P. 72(b)(3). *De novo* review in these circumstances requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's R&R. See Hill v. Duriron Co., 656 F.2d 1208, 1215 (6th Cir. 1981); see also 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997). After reviewing the evidence, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

**III.    Analysis**

First, the Court notes that Defendants have not mounted proper objections to the R&R. In this circuit, litigants must file specific and timely objections to a magistrate judge's report and recommendation under 28 U.S.C. § 636(b)(1)(C) in order to preserve the right to appeal a subsequent order of the district court adopting that report. Cole v. Yukins, 7 F. App'x 354, 356 (6th Cir. 2001) (citing Thomas v. Arn, 474 U.S. 140, 155 (1985)). The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. Id. (citing Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995)). The Defendants' objections are conclusory, as they lack any citation to the record or legal authority, and, therefore, fail to challenge the Magistrate Judge's R&R findings. See id.

Moreover, with regard to the Defendants' motions, they have not provided the Court with any legal citation or cogent argument supporting their requested relief. (See Doc. Nos. 33, 36.) For this reason alone, the motions must be denied. See Brown v. VHS of Mich., Inc., 545 Fed. App'x

368, 372 (6th Cir. 2013) (holding that a plaintiff is deemed to have abandoned a claim when a plaintiff fails to make argument in support); Golden v. Metro. Gov't of Nashville & Davidson Cty., 263 F. Supp. 3d 684, 690 (M.D. Tenn. 2017) (following Brown and finding plaintiff's claim abandoned where no arguments were raised). Additionally, the motions are not accompanied by supporting memoranda, and, therefore, must be denied for failure to comply with this Court's Local Rules. See LR 7.01(a)(2) ("[E]very motion that may require the resolution of an issue of law must be accompanied by a separately filed memorandum of law citing supporting authorities and, where allegations of fact are relied upon, affidavits, depositions, or other exhibits in support thereof.")

**IV. Conclusion**

On the basis of the foregoing and having fully considered the arguments raised by the Defendants, the Defendants' objections are **OVERRULED**, and the R&R is **APPROVED AND ADOPTED**. The Defendants' Motion to Dismiss (Doc. No. 33) and Request for Dismissal (Doc. No. 36) are **DENIED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE